DAVID LEVY et al., Appellants, *v.* ROBERT SALOMON, Respondent.

The provision of the Code of Civil Procedure (§ 111, as amended by chap. 672, Laws of 1886), limiting the time of imprisonment " upon any execution or other mandate against the person," refers only to a final process or mandate after an adjudication fixing the amount due; it does not include orders of arrest issued at the time of the commencement of an action or before any recovery.

Where, therefore, in an action to recover personal property, defendant

was imprisoned under an order of arrest, issued on the ground that he had concealed a portion of the property, and after he had been imprisoned six months, but before the trial of the action or any judgment therein, on his motion, he was discharged from arrest on the sole ground that he was entitled to his discharge under said provision. *Held*, that the discharge was improperly granted.

Also *held*, that the order of discharge was appealable, as it deprived plaintiffs of a remedy they were entitled to retain until the prisoner was discharged according to law.

(Argued April 19, 1887; decided May 10, 1887.)

Appeal from order of the General Term of the Supreme Court in the first judicial department, made January 21, 1887, which affirmed an order of Special Term, the nature of which and the material facts, are stated in the opinion.

*Wales F. Severance* for appellants. The order is appealable to this court. (Code, § 190, subd. 2.) The word "mandate," used in the act of 1886, was not intended to cover *mesne*, but only final process. (*Washauer* v. *Webb*, 10 Civ. Pro. 169, 170.) The doctrine of *noscitur a sociis* applies here. (*Chapman* v. *Forsyth*, 2 How. [U. S.] 202, 208; 77 N. Y. 430; 24 Hun, 253; 58 N. Y. 475; 31 id. 255; 17 Wend. 543; *McGaffin* v. *City of Cohoes*, 74 N. Y. 387, 388; *Aikin* v. *Wasson*, 24 id. 482; *Chagaray* v. *Jenkins*, 3 Sandf. S. C. R. 409, 413; 28 Hun, 495, 496; 27 id. 344, 345; 65 How. Pr. 442, 445; 98 N. Y. 585.)

*Alex. Blumensteil* for respondent. The order of arrest was a mandate. (Code, § 3343, subd. 2.) The order of the General Term being discretionary, was not appealable. (*Townsend* v. *Nebenzahl*, 82 N. Y. 644.)

Danforth, J. The record shows that the plaintiffs sued to recover personal property, and on the ninth of February procured the defendant's arrest, upon the ground that he had concealed, etc., a part of the chattels, to recover which the action was brought. On the same day the defendant gave a bond for the jail limits and he has since been confined within them. It may be inferred that the cause is at issue, but it

has not been tried, nor has any judgment gone against the defendant. Upon an affidavit showing his arrest and continued imprisonment as above stated, the defendant procured an order requiring the plaintiffs to show cause why he should not be discharged from the limits, and " from arrest herein," and the bond given by him be canceled and annulled. The motion was granted. Upon appeal to the General Term the decision was affirmed and the plaintiffs appeal to this court.

The defendant justifies the order of the court below upon the sole ground that as under the order of arrest his imprisonment had continued six months, he was, therefore, entitled to a discharge under the provisions of section 11, chapter 672 of the Laws of 1886. On the other hand the plaintiffs contend that the statute applies to an imprisonment on final process only. We are of that opinion. The general title of the act of 1886 (*supra*), is " an act to amend the Code of Civil Procedure," and the particular portion on the interpretation of which the defendant relies is the amendment of section 111 of the Code. The original section (111) relates to the " support of prisoners in Kings county." The amendment introduces new matter as to the meaning of which nothing can be gathered from the context.

It enacts in the first clause that "no person shall be imprisoned within the prison walls of any jail for a longer period than three months under an execution or any other mandate against the person to enforce the recovery of a sum of money less than five hundred dollars in amount, or under a commitment upon a fine for contempt of court in non-payment of alimony or counsel fees in a divorce case where the amount so to be paid is less than the sum of five hundred dollars, and where the amount in either of said cases is five hundred dollars or over," declares that "such imprisonment shall not continue for a longer period than six months, and requires the discharge of such person at the expiration of those respective periods." Then follow these words: " No person shall be imprisoned within the jail liberties of any jail for a longer

period than six months upon any execution or other mandate against the person."

These sentences are, I think, to be read together, and so read admit of but one meaning, viz., that no person, whose condition answers the terms referred to in the first clause shall be imprisoned either within the walls of a jail, or within the jail limits, for a time exceeding six months, and if the recovery, for the enforcement of which the execution or other mandate is issued, or the amount required to be paid by the commitment is less than $500, then his imprisonment within the prison walls shall not exceed three months. This is the only distinction applicable under the first clause where the debtor is in close confinement, while under the second, when as to the walls of the jail and within certain limits he is at large, the amount of the recovery or sum to be paid is unimportant. The respondent concedes that under the first sentence only a final process or mandate, after an adjudication fixing the amount due, is referred to, but argues that the change of language in the second clause or sentence indicates a change in the intention of the legislature, and a design to make it more extensive in its application than the former; that although the first included only final process or mandate, the second is of wider signification and applies to all mandates against the person and so includes simple orders of arrest issued at the time of the commencement of the action and before any recovery. This would require us to hold that the legislature intended to alter the description of the process by virtue of which the imprisonment was had, rather than the description of the place of imprisonment. I find no reason for doing so. The statute in the first place characterizes the process as "an execution or any other mandate against the person to enforce the recovery of a sum of money," and in the next sentence, speaking of the imprisonment in a different place, repeats the words, "upon any execution or other mandate against the person," but does not again use the descriptive or qualifying words. This may have been to avoid the repeated use of the same words. They

are to be implied, for the statute relates to a single matter, the relief of the imprisoned debtor, and this would be greatly impeded if a different meaning is given to the second phrase.·

According to the respondent the first clause includes only final process or executions to enforce recoveries. It therefore does not include mesne process. The second, he says, includes mesne process or orders of arrest. It would follow that a debtor arrested on such process, but unable to procure bail for the limits, could not be discharged because confined within the walls, while one arrested in the same manner and already outside the walls, though within the limits could be wholly liberated. That would seem to be an absurd conclusion and not to be adopted unless necessary to give meaning to the act. This is avoided by construing the second clause with reference to the first, and the true meaning is that which we have above ascribed to it.

The general object of the act in question (§ 111, chap. 672, Laws of 1886), is to limit the time of imprisonment under process issued against any person after the sum due from him had been adjudged, whether the imprisonment was within the walls of a jail, or within its liberties. If confined within the walls, the amount of the recovery or the sum to be paid by the imprisoned person determines whether the imprisonment shall end at the expiration of three months or at the expiration of six months. But if he had been admitted to the jail liberties there is no such qualification, and the six months period applies to all cases within the act. The defendant in this case is not an imprisoned debtor within the act. No execution or other mandate has been issued against him to enforce the recovery of a sum of money. No recovery has been had against him, nor has he been ordered to pay any money. We think, therefore, his discharge was improperly allowed. The order was appealable. It deprived plaintiffs of a remedy given by statute, and which they might retain until the prisoner should be discharged according to law.

The order of the General Term and Special Term should

therefore be reversed and the motion to discharge the defend-
ant and cancel the bond given by him for the liberties of the
jail, denied, with costs in all courts.

All concur.

Ordered accordingly.