ELLA L. WINTON, Respondent, *v.* WALTER W. WINTON, Appellant.

*Imprisonment for non-payment of alimony — discharge from custody on expiration of the three months — the party is not liable to arrest for the non-payment of alimony subsequently falling due.*

Where a defendant has been arrested and imprisoned for the non-payment of alimony, previously directed to be paid by the judgment in an action for divorce, and remains in prison under the commitment, because of such default of payment, for the full term for which he could be imprisoned under section 111 of the Code of Civil Procedure, he is not thereafter liable to arrest and imprisonment because of the non-payment of alimony subsequently becoming payable under the provisions of said judgment, as such section prohibits the imprisonment of the party upon a like process, not for the non-payment of the same sum of money, but under a like process issued in the same action.

Appeal by the defendant from an order adjudging him guilty of contempt and imposing a fine, and directing the issuance of a warrant of commitment, made at the New York Special Term on June 7, 1888, and entered on the same day in the office of the clerk of the county of New York.

The order was granted in an action brought for a limited divorce in which the defendant was adjudged to pay certain alimony to his wife, which he failed to do, and on the 9th day of August, 1887, because of such default, the plaintiff obtained an order to show cause why the defendant should not be punished as for a contempt, on the return of which he was fined in the amount which was payable under the judgment of divorce, and a warrant of commitment was issued to the sheriff of the city and county of New York, under which he was taken into custody and imprisoned for three months. After the defendant had been discharged from custody, and on April 27, 1888, being again in default of the alimony required by such judgment, the present proceeding was instituted by the plaintiff to punish him as for a contempt because of such default on his part.

*George W. Stephens,* for the appellant.

*E. P. Wilder,* for the respondent.

Daniels, J.:

The defendant was arrested and imprisoned for the non-payment of alimony previously accruing, directed to be paid to the plaintiff

by the judgment. He remained in prison under the commitment for that default in payment, for the full term for which he could be imprisoned under section 111 of the Code of Civil Procedure; and it is because of that circumstance that this proceeding has been resisted for his imprisonment again for the non-payment of other sums of money afterwards becoming due under the judgment.

It was the object of this section of the Code, as it was enacted in 1883, to prevent the abuses which were considered to have arisen in the imprisonment of persons in civil actions under the law as it previously existed; and, by this section, the time for which a person may be imprisoned under an execution or other mandate to enforce the recovery of a sum of money has been declared and restricted. And the section has been so framed as expressly to include "a commitment upon a fine for contempt of court in the non-payment of alimony or counsel fees in a divorce case." Then it has prescribed the length of time to which the imprisonment may be extended for such non-payment. And the section has further and finally declared that "the prisoner shall not be again imprisoned upon a like process issued in the same action, or arrested in any action upon any judgment under which the same may have been granted." This language, in its application to this case, is broad and plain, forbidding a further imprisonment upon a like process issued in the same action; and it has direct reference to the imprisonment previously authorized and sanctioned by this section, and, by its meaning and import, restricts and limits the imprisonment to what has been before provided for and described. If that is not to be the effect of this concluding language of the section, then it has accomplished nothing for the relief of a person imprisoned in an action for divorce. For as the law previously existed, where a person had been imprisoned for a contempt for the non-payment of a sum of money, and had been discharged from imprisonment by the court for his inability to comply with the order, he could not afterwards be arrested and imprisoned for the same default. There was no necessity for legislation to secure relief in that respect; for if the person could not endure the imprisonment, or his circumstances were such that he could not comply with the order for the payment of the money, and the court terminated and relieved him from imprisonment for either of such causes, his further commitment to enforce the pay-

ment of the same sum of money was neither sanctioned nor provided for by any provision of the law; and, for the future security and protection of the person, there, was no necessity, therefore, for the legislature to declare that he should not be again imprisoned for the same cause.

What was intended by the enactment of this section was to secure still further relief than that before sanctioned to the party who had previously been imprisoned and lawfully discharged. And that was described and directed in clear language, prohibiting the person from being again imprisoned upon a like process, not for the non-payment of the same sum of money, but issued in the same action. This language is very general and entirely unrestrained, and its obvious meaning is that no further process shall be issued against a person in an action for divorce, upon which he shall be committed to prison for the non-payment of a sum of money, after he has been once imprisoned and lawfully discharged under the preceding provisions of the section. If the enactment is not to secure this end, then it has accomplished no substantial benefit to the defendant required to pay alimony in an action for a divorce, for he may still be perpetually imprisoned if this section shall be held to permit his imprisonment after he has once been legally discharged under it. If that discharge is not to secure his protection against like proceedings afterwards instituted under the judgment, then, after he has served his first three or six months in prison and been discharged, he may be immediately arrested and committed again to prison for the non-payment of alimony accruing under the judgment while his imprisonment was endured. And this may go on from time to time through the entire period of his natural life. The intention of the law was not to permit this continued oppression and incarceration, but it was to restrict the right of imprisonment, when the period mentioned in the section should be fully endured by the party, to that imprisonment only, excluding after that the power to arrest or imprison the person in default of future payments.

Neither this construction nor the provisions contained in the section deprives the party in whose favor the judgment is recovered from any other remedy for its enforcement and collection; for it has provided that, notwithstanding such a discharge, the judgment-

creditor in the execution, or the person at whose instance the mandate was issued, has the same remedy against the property of the person imprisoned which existed before the execution or mandate was issued. If the judgment-debtor, therefore, has property or means which can be resorted to for the payment of the judgment, the creditor is entitled to make use of it to obtain satisfaction from those sources. But the further imprisonment of the person of the debtor has been prohibited.

The order from which the appeal has been taken should, therefore, be reversed and the motion denied, together with the usual costs and disbursements.

Van Brunt, P. J., and Brady, J., concurred.

Order reversed and motion denied, together with the usual costs and disbursements.