SARAH E. REESE, Respondent, *v.* THOMAS J. REESE, Appellant.

*A commitment under mesne process does not preclude a commitment under a final judgment in the same action.*

Section 111 of the Code of Civil Procedure, limiting the duration of imprisonment under a civil process, does not, where a husband has served three months in prison under a commitment for contempt of court in failing to pay alimony *pendente lite* awarded against him, preclude the court from again committing him to prison upon his failure to pay alimony and counsel fees awarded against him by the final judgment entered in the action.

APPEAL by the defendant, Thomas J. Reese, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of October, 1899, committing him for contempt of court.

*George W. Dease,* for the appellant.

*Moses H. Grossman,* for the respondent.

O'BRIEN, J.:

The action was brought for a separation on the grounds of cruelty and abandonment, and the final decree directed the defendant to pay the sum of seventy-five dollars per month for the maintenance of the plaintiff and of the children of the marriage and to give security in the form of a bond or undertaking in the sum of $1,000.

The defendant, although served with the final decree and a personal demand to comply with its terms, willfully refused to do so; and the court before whom the facts were brought made the order adjudging the defendant in contempt, from which this appeal is taken.

In opposition to the motion below, the defendant showed that while the action was pending, and before the final decree, an order was obtained by the plaintiff for the payment by the defendant of alimony *pendente lite;* and that having failed to comply with the terms of that order, he was adjudged in contempt, arrested by the sheriff and remained in prison the full three months, which is the extent allowed by law. The insistence below, as in this court, is, that having been once arrested in the action, a second arrest is expressly prohibited by section 111 of the Code of Civil Procedure, which reads as follows: " No person shall be imprisoned within the prison walls of any jail for a longer period than three months under an execution or any other mandate against the person to enforce the recovery of a sum of money less than five hundred dollars in amount or under a commitment upon a fine for contempt of court in the non-payment of alimony or counsel fees in a divorce case where the amount so to be paid is less than the sum of five hundred dollars; and where the amount in either of said cases is five hundred dollars or over such imprisonment shall not continue for a longer period than six months. It shall be the duty of the sheriff, in whose custody any such person is held, to discharge such person at the expiration of said respective periods without any formal application being made therefor. No person shall be imprisoned within the jail liberties of any jail for a longer period than six months upon any execution or other mandate against the person, and no action shall be commenced against the sheriff upon a bond given for the jail liberties by such person to secure the benefit of such liberties, as provided in articles fourth and fifth of this title, for an escape

made after the expiration of six months' imprisonment, as aforesaid. Notwithstanding such a discharge in either of the above cases, the judgment creditor in the execution, or the person at whose instance the said mandate was issued, has the same remedy against the property of the person imprisoned which he had before such execution or mandate was issued; but the prisoner shall not be again imprisoned upon a like process issued in the same action or arrested in any action upon any judgment under which the same may have been granted. Except in a case hereinbefore specified, nothing in this section shall effect a commitment for contempt of court."

The appellant claims that having once been arrested and imprisoned — though upon an interlocutory order before judgment — the court, by this section, is prohibited from imprisoning him a second time, even upon his refusal to obey a final judgment, the argument being that the second arrest is upon the same ground, in the same action and upon a like process.

This precise question has not been passed upon by any appellate court, although other questions arising under the provisions of this same section have been decided. Thus, in the case of *Levy* v. *Salomon* (12 Civ. Proc. 125 ; 105 N. Y. 529) an order of arrest was obtained at the beginning of the action, and the defendant having given a bond for the jail limits, and having remained therein during six months, moved for a discharge from the limits and from arrest. The motion was granted, and the order thereupon entered was subsequently affirmed by the General Term ; but on appeal to the Court of Appeals the decision of the lower courts was reversed, and it was said, as stated by the syllabus in the case in 105 New York, 529, that "The provision of the Code of Civil Procedure (§ 111, as amd. by chap. 672, Laws of 1886), limiting the time of imprisonment 'upon any execution or other mandate against the person,' refers only to a final process or mandate after an adjudication fixing the amount due ; it does not include orders of arrest issued at the time of the commencement of an action or before any recovery." And in *Winton* v. *Winton* (53 Hun, 4) it was held that where a defendant has been arrested and imprisoned for the non-payment of alimony previously directed to be paid by the judgment in an action for divorce, and remains in prison under the commitment because of such default of payment for the full term for which he could be

imprisoned under section 111 of the Code of Civil Procedure, he is not thereafter liable to arrest and imprisonment for failure to pay alimony subsequently accruing. The ground of that decision was that the second arrest, like the first, being after and under the judgment, would necessarily be upon a like process issued in the same action, which is prohibited by the Code.

This latter case in no way militates against the conclusion reached at Special Term, but furnishes rather an argument in favor of the view that the construction to be given to the words "process" and "mandate," as used in section 111, is that they refer to process after final judgment. This view is strengthened by the section itself, which, in limiting the duration of imprisonment, speaks of impris_onment "under an execution or any other mandate * * * to enforce the recovery of a sum of money," and subsequently refers to the fact that, notwithstanding a discharge under the law, "the judgment creditor in the execution, or the person at whose instance the said mandate was issued," has a remedy against the property, and continues, "but the prisoner shall not be again imprisoned upon a like process issued in the same action, or arrested in any action upon any judgment under which the same may have been granted."

We have not overlooked the fact that there is a provision that the duration of imprisonment is equally limited to a commitment "upon a fine for contempt of court in the non-payment of alimony or counsel fees in a divorce case," nor the concluding words, that "nothing in this section shall effect a commitment for contempt of court." In construing that part of the section which relates to imprisonment for contempt in failing to pay alimony, upon the principle of "*noscitur a sociis*," it must be held to mean imprisonment after judgment, or upon a final process or mandate, which is the kind of process which the balance of the section expressly refers to. Reading the section as a whole, its evident purpose was to prevent a person, after judgment or final mandate, being twice imprisoned in the same action upon a like process; and there is nothing which indicates that it was intended to apply to an interlocutory order for contempt before judgment, or to an order of arrest obtained at the beginning of an action, or to any mesne process upon which a person might be arrested before judgment.

Our conclusion is that the court at Special Term was right in its construction of the section (See 29 Misc. Rep. 249) that "the inhibition of the statute with regard to the successive terms of imprisonment, does not apply where the earlier commitment was founded upon mesne process, and a second commitment is ordered until final judgment in the same action."

Order accordingly affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., PATTERSON, INGRAHAM and McLAUGHLIN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.