(29 Misc. Rep. 249.)

REESE v. REESE.

(Supreme Court, Special Term, New York County. October, 1899.)

CONTEMPT—SUCCESSIVE COMMITMENT.

    The provision in Code Civ. Proc. § 111, that a person, after once being committed for a fine upon contempt of court in nonpayment of alimony, shall not be again imprisoned upon like process issued in the same action, does not apply where a first commitment was upon an interlocutory order for alimony in the action, and the second is on final decree.

Action by Sarah E. Reese against Thomas J. Reese for divorce. A motion to punish defendant for contempt. Motion granted.

House, Grossman & Vorhaus (Moses H. Grossman, of counsel), for the motion.

George W. Pease, opposed.

GIEGERICH, J. To a motion to punish the defendant for contempt for his failure to make payment of alimony, and to give an undertaking to secure future payments, as directed by final decree, it is objected that he has heretofore been imprisoned for three months as the result of proceedings to enforce an interlocutory order for the payment of alimony in the action, and an exemption is claimed under section 111 of the Code of Civil Procedure. Under the authorities, the inhibition of the statute, with regard to the successive terms of imprisonment, does not apply where the earlier commitment was founded upon mesne process, and a second commitment is ordered under final judgment in the same action. Levy v. Salomon, 12 Civ. Proc. R. 125, affirmed in 105 N. Y. 529, 12 N. E. 53; Warshauer v. Webb, 10 Civ. Proc. R. 169. The case of Winton v. Winton, 53 Hun, 4, 5 N. Y. Supp. 537, affirmed in 117 N. Y. 623, 22 N. E. 379, cited for the respondent, involved the question only of the right to a second commitment under the same judgment, and therefore does not suggest a different rule.

No opposition being presented upon the merits, the motion is granted. Settle order on notice.