nel), for appellants. Howe & Hummel (Nathan Cohen, of counsel), for respondent.

McADAM, J. The action was for wrongful discharge, and the main issue whether the hiring was by the year as claimed by the plaintiff, or by the week as urged by the defendants. The jury found for the plaintiff, and, as no motion for a dismissal of the complaint or direction of a verdict was made at the close of the plaintiff's case, the defendants conceded the plaintiff's right to have the issues submitted to the jury. Pollock v. Iron Works Co., 157 N. Y. 699, 700, 51 N. E. 979. Under the circumstances, we must regard the finding of the jury as conclusively settling the facts (Rowe v. Comley, 11 Daly, 317; Briscoe v. Litt, 19 Misc. Rep. 5, 8, 42 N. Y. Supp. 908; Bogan v. Wright, 22 Misc. Rep. 96, 48 N. Y. Supp. 546; Mahoney v. O'Neill, 29 Misc. Rep. 619, 620, 61 N. Y. Supp. 69); and, as there is no merit in the exceptions, the judgment and order appealed from must be affirmed, with costs. Judgment and order affirmed, with costs. All concur. See 72 N. Y. Supp. 1061.

---

STRUCKS v. CORNING. (Supreme Court, Appellate Division, Fourth Department. January 28, 1902.) Action by Charles Strucks against Anna Corning. No opinion. Motion for leave to appeal to court of appeals granted.

---

STRUCKS, Respondent, v. CORNING, Appellant. (Supreme Court, Appellate Division, Fourth Department. January 21, 1902.) Action by Charles Strucks against Anna Corning. No opinion. Judgment and order affirmed, with costs.

---

SULLIVAN, Respondent, v. METROPOLITAN ST. RY. CO., Appellant. (Supreme Court, Appellate Division, Second Department. January 10, 1902.) Action by Patrick Sullivan against the Metropolitan Street Railway Company. No opinion. Motion denied.

---

SULLIVAN v. PARKES. (Supreme Court, Appellate Division, First Department. February 14, 1902.) Action by John M. A. Sullivan against William N. Parkes. No opinion. Motion granted.

---

SYMONS, Appellant, v. NASSAU ELECTRIC R. CO., Respondent. (Supreme Court, Appellate Division, Second Department. January 30, 1902.) Action by Barnett' Symons against the Nassau Electric Railroad Company. No opinion. Order reversed on argument, and judgment directed on verdict, with costs.

---

TAYLOR, Respondent, v. NEW YORK & Q. C. R. CO., Appellant. (Supreme Court, Appellate Term. October, 1901.) Action by William A. Taylor against the New York & Queens County Railroad Company. William E. Stewart, for appellant. Oliver E. Davis, for respondent.

GILDERSLEEVE, J. Action for negligence. Plaintiff and his wife were riding a tandem bicycle by the side of defendant's track. Plaintiff and his wife swear that, in order to avoid running into a baby carriage, they turned the bicycle onto the track in front of defendant's car, and that the motorman, instead of slackening his speed, as he had plenty of opportunity to do, and thereby avoiding the accident, rushed his car right onto them, and injured the plaintiff and his wife, and damaged the bicycle. On the other hand, the defendant's witnesses swear that the plaintiff turned the bicycle right against the side of the front of the car, and that it was impossible to avoid the injury. The jury found for the plaintiff. Plaintiff swears that, before turning on the track, he looked around and saw a car some distance behind, coming slowly along, and that he rang his bicycle bell, and crossed over, and was riding along the track, when the motorman increased his speed and ran into them. He and his wife swear the car was about 125 feet behind them when they went onto the track, and after they had ridden about 10 feet further on the track the car caught up with them and rushed into them. There is a sharp conflict as to the facts, but the evidence is sufficient to sustain the verdict. The questions of fact were properly submitted to the jury, and their verdict should not be disturbed. The judgment should be affirmed, with costs to the respondent. Judgment affirmed, with costs to respondent. All concur.

---

TAYLOR, Respondent, v. TAYLOR, Appellant. (Supreme Court, Appellate Division, First Department. January 10, 1902.) Action by Catherine Taylor against Washington H. Taylor. R. M. Moore, for appellant. M. Stein, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

---

TEACHERS' BUILDING & LOAN ASS'N OF NEW YORK, Appellant, v. SEVERANCE et al., Respondents. (Supreme Court, Appellate Division, Second Department. January 30, 1902.) Action by the Teachers' Building & Loan Association of New York against Martha R. Severance and Stephen N. Severance. No opinion. Motion granted, and order of reversal amended.

---

TERON, Respondent, v. SHERIDAN, Appellant. (City Court of New York, General Term. December, 1901.) Action by Emanuel Teron against Theresa A. S. Sheridan. P. M. Brown, for appellant. F. W. Park, for respondent.

McCARTHY, J. It is conceded by both counsel that the plaintiff is only entitled to services actually performed for and agreed to be paid by the defendant. It is also conceded that all the other matters involved have been stricken out by consent. The issue is, therefore, plain and simple. What period of time has the plaintiff proven, under the rules of evidence, he is entitled to? It is plain that defendant is only liable to plaintiff for work done by him for her, under her telegram to Mr. Allen, or under his authority as agent. It seems to us, therefore, that the plaintiff, not having any but his own evidence, must fail, unless it is corroborated by