(137 App. Div. 348.)

## MARAN v. MARAN.

(Supreme Court, Appellate Division, First Department. March 24, 1910.)

1. DIVORCE (§ 269*)—ALIMONY—ENFORCEMENT OF ORDER—ARREST—REARREST.

Under Code Civ. Proc. § 111, prohibiting any person from being imprisoned in jail for longer than three months under a commitment upon a fine for contempt in nonpayment of alimony or counsel fees in divorce proceedings, where the amount to be paid is less than $500, and providing that the person shall not be again imprisoned upon a like process issued in the same action, but giving the person having the mandate issued the same remedy against the property of the person which he had before the mandate issued, notwithstanding the person's discharge, a divorce defendant who has served three months in jail for nonpayment of alimony cannot be rearrested even for nonpayment of subsequently accruing alimony.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 757; Dec. Dig. § 269.*]

2. DIVORCE (§ 262*)—ALIMONY—ENFORCEMENT OF ORDER—STAY OF PROCEEDINGS ON NONPAYMENT.

Plaintiff is entitled to any other remedy to compel payment of alimony awarded, including the stay of proceedings by defendant on his counterclaim for a separation, if he is not thereby prevented from contesting plaintiff's cause of action.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 738; Dec. Dig. § 262.*]

3. CONSTITUTIONAL LAW (§ 305*)—DUE PROCESS OF LAW—TAKING AWAY RIGHT OF DEFENSE.

Defendant in a divorce action cannot be deprived of an opportunity to defend the action as a punishment for contempt of court in nonpayment of alimony awarded plaintiff therein.

. [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 925; Dec. Dig. § 305.*]

Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by Sophie Maran against George Maran. From an order staying proceedings until defendant complies with an order directing payment of alimony and counsel fees, he appeals. Affirmed as modified.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Harry A. Gordon, for appellant.
Abraham H. Sarasohn, for respondent.

SCOTT, J. Appeal from order staying all proceedings on the part of defendant. The action was begun October 2, 1908, for a separation. Defendant answered denying the allegations of the complaint and counterclaiming for a separation on his part. On October 29, 1908, an order was made directing defendant to pay $40 counsel fee and $6 per week alimony. He paid a part of the counsel fee and paid

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

alimony until January 25, 1909, when he ceased paying. On March 12, 1909, defendant was adjudged of contempt and sentenced to imprisonment. He remained in jail until July 1, 1909, when he was discharged under section 111, Code Civ. Proc., having served three months. The action is on the calendar and has been called twice, having been put over each time on account of plaintiff's condition of health. On January 26, 1910, by permission of the court defendant served an amended answer containing a second counterclaim in which he prayed an annulment of the marriage on account of plaintiff's insanity at the time it was contracted.

Under section 111, Code, defendant, having served the statutory period in jail for nonpayment of alimony, cannot be rearrested even for alimony subsequently accruing. Winton v. Winton, 53 Hun, 4, 5 N. Y. Supp. 537, affirmed 117 N. Y. 623, 22 N. E. 379. The plaintiff, however, is entitled to pursue any other remedy, even to stay affirmative action on his part in the case. Sibley v. Sibley, 76 App. Div. 132, 78 N. Y. Supp. 743; Harney v. Harney, 110 App. Div. 20, 96 N. Y. Supp. 905. He may not, however, even for a contempt, be deprived of an opportunity to defend himself against plaintiff's attack. Hovey v. Elliott, 167 U. S. 409, 17 Sup. Ct. 841, 42 L. Ed. 215.

The order was therefore properly granted, assuming, as we do, that its only effect is to restrain defendant from taking any step to enforce his counterclaims, leaving him free to meet and contest any attempt on the part of plaintiff to enforce the cause of action set forth in her complaint. To resolve any doubt there may be as to the construction of the order, it may be so modified as to limit its effect to proceeding on the part of defendant to enforce the counterclaims set forth in his amended answer, and, as so modified, affirmed, with $10 costs and disbursements to respondent. All concur, but LAUGHLIN, J., who dissents.

LAUGHLIN, J. (dissenting). The questions presented for decision on this appeal are whether, in an action for separation which is based on the marriage contract, the defendant, who is in contempt of court for failing to obey an order for the payment of alimony, may be stayed or should be stayed from offering proof of a counterclaim duly and timely pleaded for an annulment of the marriage. Quite likely such a counterclaim is not authorized (Taylor v. Taylor, 25 Misc. Rep. 566, 55 N. Y. Supp. 1053, affirmed without opinion 68 App. Div. 638, 74 N. Y. Supp. 1148; Conrad v. Conrad, 124 App. Div. 780, 109 N. Y. Supp. 387); but the Court of Appeals has not yet passed upon that question, and the defendant should be left in a position to raise it by offering his evidence upon the trial. The order was not made upon the theory that the counterclaim was not authorized, and manifestly that question cannot be thus raised. The order appears to have been made in recognition of the validity of the counterclaim, and no question with respect to the right of defendant to interpose the counterclaim was raised at Special Term or has been raised on appeal. I allude to it merely to show that I am not expressing an opinion on that question. I have been unable to find any case in which it has been expressly decided that due process of law

requires not only that a party shall be heard in direct defense of any charge made against him, but that he shall be permitted also to prove an affirmative defense. It is, however, contrary to the spirit of our institutions to allow judgment to be entered against a party without hearing him on an affirmative defense duly pleaded, which, if established, would defeat the plaintiff's cause of action. So in the case at bar, assuming, as we must for the purpose of this appeal, that the counterclaim is properly pleaded, then the plaintiff is seeking to enforce rights under a contract which the defendant, if he should be able to establish his counterclaim, is entitled to have canceled. Of course, the court may refuse to hear a party in contempt on an affirmative application by him; but the court cannot administer justice by hearing only one side of a case, nor can it refuse to hear any evidence relating to facts duly pleaded tending to defeat the plaintiff's cause of action, merely because the defendant is in contempt of court. Hovey v. Elliott, 167 U. S. 409, at page 444, 17 Sup. Ct. 841, 42 L. Ed. 215; Sibley v. Sibley, 76 App. Div. 132, 78 N. Y. Supp. 743; Harney v. Harney, 110 App. Div. 20, 96 N. Y. Supp. 905. If the marriage were procured by fraud, the plaintiff could enforce the contract and any right arising therefrom until it is annulled by a decree of a court of competent jurisdiction. The decision of the majority of the court on this appeal would permit the party who perpetrated the fraud to enjoy the fruits of her contract and aid her by a decree in so doing, indefinitely turning a deaf ear to the affirmative defense.

I am of opinion, therefore, that neither the Special Term nor this court can lawfully make an order which permits the plaintiff to move the trial of the cause, and precludes the defendant from being heard upon or offering evidence to sustain his counterclaim, and that, if authority so to do were vested in the court, it should not have been so exercised.

I therefore vote to modify the order so that it will merely stay affirmative action by the defendant in moving the cause for trial or making any application to the court therein other than in defense of any step or proceeding taken by the plaintiff.