(71 Misc. Rep. 532.)

RICHARDS v. RICHARDS.

(Supreme Court, Special Term, New York County.   April, 1911.)

DIVORCE (§ 269*)—ALIMONY—ENFORCEMENT OF ORDER—STATUTORY PROVISIONS.

    Code Civ. Proc. § 111, limiting the time of imprisonment for nonpayment of alimony or counsel fees, applies in case of an interlocutory order for temporary alimony as well as where permanent alimony is granted by the final judgment.

    [Ed. Note.—For other cases, see Divorce, Dec. Dig. § 269.*]

Action by Helen W. Richards against John T. Richards. Motion for an order adjudging defendant in contempt for nonpayment of alimony.   Motion denied.

Griggs, Baldwin & Pierce (Frank M. Van Wagonen of counsel), for the motion.

John T. Richards, in pro. per.

GUY, J.   An order was entered herein on the 24th day of May, 1909, directing defendant to pay counsel fee of $250 and alimony at the rate of $50 per week during the pendency of this action. Though no answer was interposed, plaintiff has not yet entered judgment. The plaintiff now seeks for an order adjudging defendant in contempt for nonpayment of alimony, as directed by said order, amounting in the aggregate to the sum of $3,650. It appears that defendant is in ill health and not possessed of any property or income from any source. In July, 1909, a motion was made to punish this defendant for contempt for failure to comply with said order of May 24, 1909, and an order was entered adjudging defendant guilty of contempt of court, fining him $750, and directing that he be committed to jail until the payment of the amount of said fine or until discharged according to law. Upon appeal taken to the Appellate Division, said order directing defendant's commitment was affirmed, and on October 11, 1910, defendant was committed to the county jail, where he is now confined.

It is contended by the defendant that this motion must be denied because of the provisions of section 111 of the Code of Civil Procedure to the effect that:

"No person shall be imprisoned within the prison walls of any jail for a longer period than three months * . * * under a commitment upon a fine for contempt of court in the nonpayment of alimony or counsel fees in a divorce case where the amount so to be paid is less than the sum of. five hundred dollars; and where the amount * * * is five hundred dollars or over, such imprisonment shall not continue for a longer period than six months. * * * *The prisoner shall not be again imprisoned upon a like process issued in the same action* or arrested in any action upon any judgment under which the same may have been granted."

A careful reading of the statute leads inevitably to the conclusion that it was the purpose of the Legislature to limit the imprisonment of any defendant in a divorce case for nonpayment of either temporary or permanent alimony to six months where it is over $500 and to three months when less than $500. The reference in the section to nonpayment of counsel fees seems to be conclusive upon this point, for a direction to pay counsel fees is necessarily a feature of an interlocutory order and has no possible connection with the provisions contained in a final judgment. In Winton v. Winton, 53 Hun, 4, 5 N. Y. Supp. 537, the court held that what was intended by the enactment of this section "was to secure still further relief than that before sanctioned to the party who had previously been imprisoined and *lawfully discharged.* * * * The intention of the law was * * * to restrict the right of imprisonment, *when the period mentioned in the section should be fully endured by the party,* to that imprisonment only."

If, as contended · by plaintiff's counsel, this section of the Code is not applicable to imprisonment for nonpayment of temporary alimony, then we would seem to face the absurd proposition that the law limits the imprisonment of a defendant for nonpayment of permanent ali-. mony, as provided in a final judgment, to six months in any event, and to three months where the amount is less than $500, and permits the permanent incarceration of a defendant by successive imprisonments for an indefinite number of terms for nonpayment of temporary alimony directed by order of the court. With the utmost respect for the decisions of the appellate courts as expressed in the cases cited by counsel upon matters which have come before them for actual adjudication, and for the views of the individual members thereof extraneous to the matters directly involved, I still feel constrained, in view of the. considerations above set forth, to hold that to again commit this defendant for nonpayment of temporary alimony, as directed by order of this court, would be a violation of the letter and spirit of the statute, and, in view of the fact that the defendant is entirely without means or source of income, a harsh and unjust proceeding. The motion to punish the defendant for contempt of court is therefore denied.

Motion denied.