**Henderson SUBER, Appellant,**

v.

**Cora Smith SUBER, Appellee.**

**No. 3310.**

District of Columbia Court of Appeals.

Submitted Oct. 14, 1963.

Decided Dec. 2, 1963.

Lynn O. Coombs, Washington, D. C., for appellant.

Robert A. Fields, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

This appeal is from an order holding appellant in contempt for failure and refusal to obey an order of the court requiring him to pay support for his minor children. The case has a long history. In 1958 appellant's wife was granted a limited divorce and he was ordered to make monthly payments for support of their three children. In 1960 the limited divorce was enlarged into an absolute divorce. At that time one of the children had become emancipated and a new order was entered requiring appellant to pay a smaller sum for support of the other two children. In 1962 a motion was made to hold appellant in contempt for failure to pay support. He answered, alleging that he had been ill and unable to work and further alleging that a second child had become emancipated. He was not held in contempt and a new order was issued requiring him to pay a reduced amount for the support of the remaining unemancipated child. In the latter part of 1962 appellant was again brought in on contempt charges that he was in arrears in the sum of $525. He opposed the motion on the ground that the one child was living with him. Apparently there was no action on this motion. In February of 1963, another motion for contempt was filed, alleging appellant to be in arrears in the sum of $707.50, and a hearing was held in March 1963.

At the hearing testimony of the deputy financial clerk of the Domestic Relations Branch, through which the support payments were made, indicated that appellant was in arrears on February 13, 1963, in the sum of $707.50. The husband was not present at the hearing, but was represented by counsel. No testimony or evidence was offered on behalf of appellant and he was adjudged to be in contempt and committed to jail for thirty days or until such earlier time as he should purge himself of contempt by payment of $707.50. On giving a supersedeas bond he was released and has brought this appeal.

Appellant's argument appears to be that when on a previous occasion, because of his illness, he was held to be not in contempt for willful failure to pay, and a new order for a reduced amount in future payments was entered, he was thereby automatically relieved from responsibility for any arrearage then existing under the previous order. This argument is not sound. The new order plainly related to the future and did not purport to relieve appellant from paying the arrearage due under the previous order. Nor does the fact that at that time he was absolved of contempt, be-

cause of his showing of inability to pay, prevent later contempt proceedings against him on account of the same arrearage. He still owed the arrearage and if at a later date it was shown that although able to pay he had failed to do so, he could be held in contempt.

Appellant also argues that the trial court was in error in finding that he was able to pay when there was no proof to that effect. Here appellant had been ordered to make payments and had failed to do so. If he wished to be relieved of contempt for failing to pay because of his inability to comply with the order, he was required to make some showing of inability. This he did not do. He did not even appear at the hearing and no evidence was offered on his behalf. Under these circumstances the trial court was justified in finding that although able to do so appellant had failed to comply with the order and consequently was in contempt.

In order to fully understand the proceedings in this case it has been necessary to review the original files of the trial court. This review has brought to our attention that after this appeal was taken there was another contempt proceeding against appellant. The motion for contempt was dismissed on a finding by the court that in October 1962 the mother of the minor child had surrendered custody and appellant had supported the child since that time. It would thus appear that the $707.50 found owing by appellant included payments for a period after the mother had surrendered custody of the child to appellant. This circumstance should be considered in any further proceedings in the case.

Affirmed.