**Viola A. JOHNSON, Appellant,**

v.

**Louis JOHNSON, Appellee.**

**No. 3370.**

District of Columbia Court of Appeals.

Argued Nov. 12, 1963.

Decided Dec. 2, 1963.

Dorsey Evans, Washington, D. C., for appellant.

William A. Tinney, Jr., Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

This appeal stems from the denial of a motion by appellant wife to hold her husband in contempt of a court order requiring him to pay for the support of two minor children committed to her custody.

At the hearing the wife and the deputy financial clerk of the Domestic Relations Branch, through which the payments were made, testified as to the accumulated arrearages. The husband, although present and accompanied by counsel, did not take the stand or offer any excuse for his failure to make the required periodic payments. The judge found that appellee was in arrears but held the record did not show "any wilful disobedience of the court order" and denied the wife's motion for contempt.

There are two avenues by which a wife may seek enforcement of an order for support issued in this jurisdiction. As each instalment matures, it becomes a judgment debt and (1) she may execute thereon as upon any other judgment for money; or (2), as in the present case, she may proceed pursuant to Secs. 16–410 and 16–411 of our Code which provide that a court may enforce a support order against a husband by "imprisonment for disobedience." Such punishment is not invariably exercised and when the husband shows justifiable cause for failing to comply or a willingness to pay or reduce the arrearages, the court, in the exercise of judicial discretion, may refrain from punishing him. The burden is upon the husband, however, to show by competent evidence a reasonable excuse for his nonperformance and where he offers no valid reason for his default, the wife is entitled to the aid of the court in the enforcement of its order by imprisonment, unless the husband should purge himself of the arrears.[1]

We hold that as appellee neither offered to pay the arrearages nor presented evidence upon which the court could predicate a finding that he was justified in failing to comply with the order of support entered against him, the trial court erred in refusing to adjudicate him in contempt.

1. Kephart v. Kephart, 89 U.S.App.D.C. 373, 193 F.2d 677. Prerequisite to the order of commitment must be a finding that the husband has failed or refused to maintain his wife or minor children although able to do so. Lundregan v. Lundregan, 102 U.S.App.D.C. 259, 260, 252 F.2d 823, 824.

■ Although not necessary to our decision, we feel it incumbent to discuss two other problems raised during the hearing: (a) the method of crediting payments and computing arrearages, and (b) whether the husband, having once been found to be not in wilful contempt for failure to pay certain arrearages, may at a later date again be cited for failure to pay the same arrearages.

Approximately a year earlier appellant had filed a motion to adjudicate appellee in contempt for failure to comply with the court order directing support for the minor children. The arrearages then totaled $446. At the hearing on this motion, the court denied the wife's prayer "for cause shown by the defendant justifying his failure to comply." At the trial on the present motion for contempt the records maintained by the deputy financial clerk revealed that, after calculating the instalments accrued since the date of the support order, less credit for payments made, there remained unpaid arrearages of $721 and that, from the date of the previous motion, the husband, although not current, had made intermittent payments totaling $1,300.

The transcript indicates that the trial judge took the position that any payments made since the previous motion for contempt should have been credited to current instalments as they accrued and that the previous delinquency of $446 was not properly included in the present motion. Under such a computation the husband would have been delinquent only in the amount of $275 [2] rather than $721.[3]

It is our opinion that proper accounting procedure dictates that payments when received should be credited so as to discharge first the earliest unpaid instalments, whether or not they have been the subject of a contempt motion. Thus, accrued arrearages would equal total instalments due less payments made.

The trial judge indicated that should the court once find a husband justified in his failure to pay certain arrearages, the wife may not thereafter again cite him for contempt for his continued failure to pay the same arrearages—that her only recourse is to proceed by way of civil enforcement of a judgment. As applied to this case, the court reasoned that, as the husband almost a year earlier had been found not in wilful contempt to pay $446 pursuant to the support order, he could not go behind that prior order and now find him in contempt or reassess whether his continued failure to pay this sum was justified—that only the unpaid accrued instalments since the filing of the earlier motion were properly the subject of the present motion for contempt.

■■ We find no language in the statute [4] forbidding more than one use of the contempt motion for the same arrearages—just as more than one attachment to enforce complete payment for the same judgment debt is not prohibited.[5]

■ That a delinquent husband may on one occasion justify his failure to comply does not permanently protect him from enforcement procedures available under Secs. 16–410 and 16–411 of our Code.[6] There

---

2. Mistakenly stated during the course of the hearing to be $130.

3. Comprising
  (a) Arrearages due at time of wife's previous motion    $446.
  plus
  (b) Unpaid arrearages accumulated since then    275.

    Total accumulated arrearages    $721.

4. Code, Secs. 16–410, 16–411.

5. Cf., Richards v. Richards, 71 Misc. 532, 130 N.Y.S. 799; Maran v. Maran, 137 App.Div. 348, 122 N.Y.S. 9 (involving statutes with express provisions against more than one motion for punishment).

6. Suber v. Suber, D.C.App., 195 A.2d 411, decided this date.

 

is nothing to prevent the court, upon successive motions by a wife seeking to collect the same arrearages, from committing the husband when he presents no mitigating circumstances justifying his continued failure to discharge them,[7] although the court may find it more practical, for the best interests of the family, to stay execution of the commitment as long as the husband pays, in addition to the current instalments as they become due, an extra amount to discharge the arrearages.

Order denying motion for contempt reversed and case remanded for proceedings not inconsistent with this opinion.

7. In the present case, under the accounting procedures we have recommended, appellee, having paid $1,300 since the pre-vious motion, would have purged himself of the $446 unpaid arrearages.