Josephine DESPERTT, Appellant,

v.

Melvin DESPERTT, Jr., Appellee.

No. 3878.

District of Columbia Court of Appeals.

Argued April 18, 1966.

Decided June 1, 1966.

Dorsey Evans, Washington, D. C., for appellant. Charles A. Dixon, Washington, D. C., also entered an appearance for appellant.

Josiah Lyman, Washington, D. C., for appellee.

1. No alimony for appellant was either sought or allowed.

2. On August 3, 1965, appellee filed a motion for custody of the two minor children

Before QUINN and MYERS, Associate Judges, and CAYTON (Chief Judge, Retired).

MYERS, Associate Judge:

On October 5, 1960, appellant was granted an absolute divorce from appellee on the ground of his desertion and permanent custody of their two minor daughters, now 17 and 16 years of age. He was directed to pay $60 a month for their support.[1] On May 6, 1965, appellant moved to adjudge appellee in contempt for his failure to comply with the support order, alleging he was in arrears in the amount of $1,560. Appellee opposed the motion, denying he was in default. After a hearing, at which both parents testified, the trial judge, on June 25, 1965, found appellee was not in arrears in any amount and dismissed appellant's motion for contempt. No appeal was noted from that order.

On July 1, 1965, appellant filed a second motion for contempt, this time seeking arrears in the amount of $1,590. Appellee moved to strike this motion on the ground that the same issues had been decided in his favor when the prior motion for contempt was dismissed.[2] After hearing, the trial judge again found appellee was not in arrears and on August 13, 1965, dismissed appellant's second motion for contempt. It is from this order that the present appeal was taken. Appellant contends the trial judge erred in dismissing her second motion as moot.

From the transcripts of the two hearings it is clear that the trial judge dismissed the first motion because he found no acceptable proof that appellee was in arrears in any amount and dismissed the second motion because it included the originally claimed, but rejected, arrears of $1,560, plus an accrued $30, which latter sum had concededly

which has not yet been considered and determined by the trial judge. Appellant filed no opposition to this motion.

been paid by appellee. At the first hearing appellee testified he had made the decreed payments until June 1962, when the older daughter voluntarily came to live with him and his second wife and since then he had provided full support for her; that his younger daughter had resided in his home for extended periods, during which time he assumed responsibility for her support as well; that since June 1962 he had made support payments by giving money directly to the children, by way of his mother or brothers, on the average of $30–$40 every two weeks, on pay day. On the other hand, appellant's testimony was vague and equivocal as to the amount appellee allegedly owed; she made no attempt to set forth the exact period or dates when appellee supposedly failed to comply with the court order; and on many points she confirmed appellee's averments of support. The trial judge's conclusion at the end of the hearing that appellant failed to carry her burden is consistent with the finding in the resulting order that defendant was not in arrears in the sum of $1,560 or any other amount.

By her second motion appellant was in effect seeking a retrial of the same alleged arrearages, an opportunity for a second chance to offer more satisfactory evidence. This she cannot do. She cites Johnson v. Johnson, D.C.App., 195 A.2d 406 (1963), as support for her right to bring a second contempt motion covering the same claimed delinquencies, but that case is distinguishable from the instant one upon the facts. In *Johnson* there was no dispute that the father was in arrears and the amount thereof was verified. We held in *Johnson* that where a father shows a financial inability to pay which prevented compliance with the court order, the court may decline to punish him and may give him an opportunity to pay the arrearages at a future date. We pointed out, however, that the burden is on the father to show justification for his default and that there is nothing to prevent the trial court from committing him when, upon a subsequent motion seeking to collect the same arrearages, he is unable to present circumstances exculpating him from his continuing failure to comply. See also Suber v. Suber, D.C. App., 195 A.2d 411, 413 (1963).

The present case does not present a situation where the husband was temporarily excused from payment subject to his compliance with the order of support at a later date. Rather the court found at the first hearing that he was not delinquent in any amount, which finding has adequate support in the record. The second motion, which obviously encompassed the arrearages claimed in the first motion, was therefore properly dismissed.

It follows that appellant's contention that appellee's $30 payment, made after the first hearing, should have been credited to discharge earlier arrearages clearly has no application.

Affirmed.