David E. KLINGAMAN, Appellant,

v.

HOLIDAY TOURS, INC., Appellee.

No. 6546.

District of Columbia Court of Appeals.

Argued Nov. 21, 1972.

Decided Aug. 21, 1973.

David E. Klingaman, pro se.

Milton M. Burke, Silver Spring, Md., for appellee.

Before KELLY, KERN and HARRIS, Associate Judges.

HARRIS, Associate Judge:

Appellant initiated an action in the Small Claims & Conciliation Branch of the Civil Division of Superior Court for unpaid wages and other relief. The trial court entered judgment for appellant in the amount of $24 for disputed wages, but denied his claims for expenses, liquidated damages, costs and attorney's fees. We granted the application for allowance of an appeal to consider whether portions of the decision below were made in reliance upon an inapplicable provision of the D.C.Code. We affirm the rulings as to wages and expenses, but reverse the rulings on liquidated damages, costs and attorney's fees.

Appellant sought employment as a bus driver and tour guide with appellee Holiday Tours, Inc., through its president, William T. Davis. Davis hired Klingaman as a part-time driver on June 15, 1971. The following day, Klingaman spent several hours with another driver learning the tour routine. Thereafter, he worked for Holiday Tours for the five days from June 20 through 24, 1971.

According to the agreement between the parties, Klingaman was to be paid at the rate of four dollars per hour. Klingaman

and his employer were to keep separate records of Klingaman's time on duty. At the end of each pay period, their respective records were to be compared, any disputes were to be resolved, and Klingaman was to be paid.

On June 25, Klingaman submitted his work record for June 20–24 to Davis. He claimed working time of 43½ hours. This conflicted with Davis' record of 39 hours and 45 minutes. Appellant performed no work for Holiday Tours after June 24, and the employer-employee relationship was considered by both parties to be terminated as of June 27. On that date, Klingaman sent a memorandum to Holiday Tours claiming wages for a total of 55 hours and 3 minutes, plus expenses, for services rendered on June 16 and during June 20–24. Klingaman received no compensation from Holiday Tours until September 3, 1971, when he was paid for the 39 hours and 45 minutes with respect to which there was no controversy.[1]

■ The claims which Klingaman presents on this appeal fall within two categories. First, he claims that the trial court erred in determining that certain periods of time were not compensable. The trial court weighed the conflicting testimony and disallowed a portion of the time claimed by Klingaman. Related mileage expenses similarly were not allowed.

Such issues were within the province of the trier of the facts. The trial court's conclusions with respect thereto were supported by substantial evidence, and are affirmed. Freas v. Gitomer, D.C.App., 256 A.2d 573 (1969); D.C.Code 1972 Supp., § 17–305(a).

■ Second, appellant claims that error was committed when the trial court applied the District of Columbia minimum wage law (D.C.Code 1967, § 36–401 et seq.) to his claims rather than the District of Columbia wage payment law (D.C.Code 1967, § 36–601 et seq.). The transcript reveals that the trial court's denial of appellant's claims for liquidated damages, costs and attorney's fees were based on an application of the minimum wage law. We conclude that the wage payment law should have been applied, and that the failure to do so was error.

The basic purpose of the minimum wage law is to protect "persons employed in some occupations in the District of Columbia" from unduly low wages. D.C.Code 1967, § 36–401. The wage payment law, on the other hand, regulates the time of payment of wages, irrespective of the rate. Klingaman sued on the basis of wages allegedly due for certain hours of work; he does not quarrel with his hourly rate. The issues thus are controlled by the provisions of the wage payment law.

The wage payment law provides that in an action brought thereunder, the court "shall, in addition to any judgment awarded . . . allow costs of the action . . . and reasonable attorney's fees, to be paid by the defendant." D.C.Code 1967, § 36–608(b). Comparable language in the federal Fair Labor Standards Act has been held to be mandatory. Wright v. Carrigg, 275 F.2d 448 (4th Cir. 1960); Retail Store Employees Union, Local 400 v. Drug Fair-Community Drug Co., 307 F.Supp. 473 (D.D.C.1969). We agree with such reasoning, and so interpret our statute.[2]

The minimum wage law gives the court discretion as to awarding liquidated damages. D.C.Code 1967, § 36–415(a). The wage payment law, however, makes the awarding of liquidated damages mandatory

---

1. The evidence was in conflict as to which party was responsible for the delay in the payment of the conceded wages, and the trial court made no finding on this question.

2. It should be noted, however, that Super. Ct.Sm.Cl.R. 19 limits attorney's fees to 15 percent in Small Claims cases in the absence of exceptional circumstances.

in a case arising under that statute.[3] D.C. Code 1967, § 36–603(d). Thus, when the trial court exercised its discretion (apparently in erroneous reliance upon § 36–415) to deny liquidated damages, it exercised a discretion which is denied it by § 36–603(d).

The trial court's award to appellant of $24 in disputed wages is affirmed, and the denial of liquidated damages, attorney's fees and costs is set aside. The proceeding is remanded for further consideration of the latter questions. `

Affirmed in part and reversed in part.

---

3. We do not reach the question whether an employee might be estopped to recover liquidated damages if it is found that a late payment of wages was due to the conduct of the employee rather than the employer.