Charles C. KIEFFER, Appellant,

v.

Barbara D. KIEFFER, Appellee.

No. 9141.

District of Columbia Court of Appeals.

Argued Sept. 10, 1975.

Decided Dec. 11, 1975.

James Michael Cassidy, Washington, D. C., for appellant.

Daniel Webster Coon, Washington, D. C., for appellee.

Before REILLY, Chief Judge, and KERN and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge:

We review on this appeal the Superior Court's refusal to reduce the alimony and support award payable by Charles C. Kieffer, the appellant, to Barbara D. Kieffer, the appellee. Appellant contends (1) that the trial court erred by ignoring his 1971 and 1972 income as evidence of a change in circumstances warranting a reduction of the award; (2) that the trial court exhibited such bias as deprived the appellant of a fair hearing; and (3) that the trial court failed to make such findings of fact as are necessary to allow proper review on appeal. We find the first and second arguments without merit. While we agree that the trial court's findings were something less than what would normally be required, we conclude that on the record before us, wherein appellant admitted there had been no substantial change in his income since the previous support order, the court's denial of appellant's motion should be affirmed rather than returned to the Superior Court on a purposeless remand to make findings that will not change the result.

Appellee was granted a divorce *a vinculo* in July 1971, and given custody of the parties' three children. At that time appellant was ordered to pay alimony and support of $1,270 monthly, but on appellee's motion the monthly payment was raised to $1,400. The award was considered a third time in February 1974, on appellant's first motion to reduce which he filed in response to an

action by the appellee seeking to have him held in contempt for past-due payments. From 1969 through 1972 which included the period of the initiation of the divorce proceedings, the original award and the increase, appellant, an attorney, earned a substantial income which at one time approached $125,000 annually. When appellant fell behind in his payments in November 1973, the appellee became employed as a bank teller with take-home pay of $300 per month.

At the February 1974, hearing appellant asserted that his income had dropped considerably in 1973 due to the loss of his principal client, Teleprompter, Inc., for whom he had served as general counsel.[1] The court did not allow Kieffer to introduce a list of office receipts and disbursements he had compiled from his office ledgers because the bookkeeper who made the entries in the ledgers was not present to authenticate the records. However, Kieffer was allowed to testify from his own knowledge aided by his notes, as to his loss of income resulting from the loss of the Teleprompter account. He also introduced in evidence his income tax returns for 1971, 1972, and 1973. The court found that appellant had failed to demonstrate a substantial diminution of his personal income since November 1972, or to show a substantial change in the needs of the appellee and the three children. The award was continued at the prehearing figure and the order was not appealed.

Less than eight months later appellee again asked that the court find appellant in contempt. Appellant answered by filing a second motion for reduction of alimony and support. The matter was heard on October 17, 1974, and it is the disposition of that hearing which is now appealed.

Appellant once more based his motion on the loss of the Teleprompter account and sought to prove the diminution of his income by a comparison of his 1971–1972 earnings with his figures for 1973 and the first nine months of 1974. The court however refused to consider loss of earnings occurring prior to the February 1974, hearing.[2] Appellant not only failed to meet his burden of proof but to the contrary testified that his 1974 income would vary little from his 1973 income of about $50,000. The motion for reduction was denied and a notice of appeal was filed shortly thereafter. We find no error in the result.

The first contention advanced by the appellant is that the court below erred by disregarding his 1971 and 1972 earnings. We conclude that the trial court was correct in holding itself bound by the February 1974, adjudication and in requiring appellant to show that his loss of income occurred after the last alimony, and support adjudication.

The Superior Court may, of course, modify an earlier award when the moving party proves a change in circumstances affecting his ability to pay, *Hamilton v. Hamilton,* D.C.App., 247 A.2d 421, 422 (1968), but where the motion under consideration has been preceded by a judgment on a prior application for modification the change asserted must be one which has occurred after the disposition of the last preceding motion. *Mozick v. Mozick,* D.C. App., 245 A.2d 643 (1968); *cf. Rodenberg v. Hatfield,* D.C.App., 256 A.2d 571 (1965). At the instant hearing, appellant attempted to resurrect his loss of the Teleprompter account as a material change justifying a reduction in the monthly payment. However, that loss had been in issue in the February

---

1. Appellant's ouster as Teleprompter's counsel actually occurred in January of 1972, but because of his past association with the corporation he still earned fees of $180,000 during that year. In 1973 his fees from Teleprompter dropped to $6,000. He testified that his total office receipts for 1973 were $81,-755.

2. Although appellant's 1971 and 1972 tax returns were received into evidence, the trial court made it clear that it would not look beyond the February hearing to determine whether appellant had suffered a substantial change in his ability to pay the award.

hearing and the unappealed order stood at the time of the October proceeding as a binding determination between the parties[3] that as of February 1974, the award of $1,400 was not so onerous upon appellant as to require modification. Appellant's income at the time of that hearing was found still to be substantial. The matter raised in appellant's motion had been decided adversely to him in the earlier proceeding and the court below correctly ruled that the loss of the Teleprompter account could not at this time be placed in issue.

■ Appellant contends next that the hearing below was marked by such bias of the trial court that he was deprived of a fair hearing on the matters raised in his motion. We have reviewed the remarks of the trial judge cited by the appellant and find that they do not support the contention.[4] Appellant appeared below as counsel as well as a party. In the argument of difficult and sensitive matters, hurried or unsettling remarks are not the monopoly of either side of the bench. Although the court's exchanges with appellant might have been more carefully phrased, we do not believe that read within the full record, they indicate that the trial judge was unable to pass impartially on the motion. Speech shares the character of its

context and an examination of the actual conduct of the trial warrants a broader scrutiny that random colloquies. The right to be tried by a judge free of prejudices is fundamental to the right of a free trial, but, where, as here, there is no trace of any interference with the full presentation of the party's proof, nor of a failure to give proper weight to all relevant evidence, an inference of prejudice will not follow so easily from impatient remarks.

■■ Finally, we reach appellant's contention that the court below failed to make sufficient findings of fact to allow meaningful review on appeal. The trial court found only that appellant had failed to carry his burden of proof. In matters where alimony and support are at issue, the finder of fact will normally be required to make findings of fact as will demonstrate that all elements material to the amount of the award were given full consideration and the manner in which the facts in dispute were resolved.[5] In order that we may determine whether a conclusion as to the absence or presence of a material change in circumstances is supported by the evidence, we will normally require, at a minimum, that the trial court hearing a request for a reduction in alimony or support make a finding concerning the moving party's net income.

3. D.C.Code 1973, § 16–2328.

4. Appellant cites two remarks from the bench as prime indications of the trial judge's hostility to appellant's case. The first occurred near the start of the hearing when the court said:

All right. Now, I don't think that we need to spend our life within this jacket, here. Do you see that? I'll wager that that is the fattest one that has been here in the last five or six years.

And I will say to counsel, there has got to be an end to litigation. You can't have a review every time somebody mentions the Kieffer case, that we've got to review it from top to bottom.

I will try to be guided by the evidence in this case, but I am not going to spend my whole day here trying to get to the bottom of it.

Later, at the conclusion of the hearing, the court said in response to some remarks by appellant:

Now I'll say, further, it seems to me that if you have suffered any diminution of income, of which the Court does not so find, it is because you wish to show that you are one of the most contentious litigants to come into the court and you are willing to fight for that litigant if it destroys you. I hope you will drink to that. You are willing to fight for the litigant you now represent until it destroys you. If there is any diminution you bring it on yourself by devoting all your time and attention to this. You see this big book, that's bigger than the Bible, the old-fashioned kind we used to keep out in the country [referring to thickness of court jacket].

5. The trial court is specifically required to make findings of fact by Super.Ct.Dom.Rel.R. 52(a).

In all but exceptional cases, a record lacking specific findings of fact will be returned for further proceedings. *Mumma v. Mumma,* D.C.App., 280 A.2d 73, 78 (1971). There is, however, an exception applicable to the case we presently review, that being where the factual matters dispositive of the action appealed are no longer in dispute, the case will not be returned to the trial court. *Sheridan v. Sheridan,* D.C.App., 267 A.2d 343, 345 (1970). Appellant, as we noted earlier in this opinion, bore the burden of proving a diminution of income occurring in the interim between the February 1974, hearing and the hearing now appealed, however, he admitted at the hearing and also at oral argument that his income had not changed during that period. Consequently, a remand for further findings on an issue that does not exist would be without purpose and we are not inclined to compel an empty exercise upon the trial court as a sacrifice to a general principle of appellate review.

*Affirmed.*