James C. NELSON–BEY, Administrator, Appellant,

v.

Jack ROBINSON et al., Appellees.

No. 13405.

District of Columbia Court of Appeals.

Argued Dec. 7, 1978.

Decided Dec. 3, 1979.

---

Robinwyn D. Lewis, Washington, D.C., for appellant Myrtle Steele, now deceased.

Charlotte Hallam, Washington, D.C., with whom Margaret A. Beller, Washington, D.C., was on the brief, for appellees Jack Robinson, Thomas Robinson, and William Robinson.

Louis P. Robbins, Acting Corp. Counsel, Washington, D.C., at the time the brief was filed, Robert E. McCally and Richard W. Barton, Deputy Corp. Counsel, Henry E. Wixon and Richard M. Tarby, Asst. Corp. Counsel, Washington, D.C., entered appearances and filed a brief in behalf of appellees Back and Washington.

Before GALLAGHER and MACK, Associate Judges, and YEAGLEY, Associate Judge, Retired.

YEAGLEY, Associate Judge, Retired:

Appellant James C. Nelson-Bey is the administrator of the estate of Myrtle Steele, who was owner of the real estate which is the subject of this suit. Appellant seeks reversal of the trial court's finding that decedent failed to prove by a preponderance of the evidence legal disability under D.C. Code 1973, § 47–1003, so as to toll the statutory period for redemption of property sold subject to a tax levy. Appellant contends that the trial court erred (1) in holding decedent to a standard of proof higher than "preponderance of the evidence"; (2) in determining that "legal disability" could only be established with expert testimony; and (3) in concluding that decedent was not legally disabled during the period of redemption. We affirm.

The tax deed sale which is the subject of this suit arose from decedent Myrtle Steele's failure to pay the 1974 taxes assessed against the property at 1365 Florida Avenue, N.E., which she owned and where she lived for over 50 years. To collect these unpaid taxes, appellees Back and Washington, acting for the District of Columbia, sold the property on January 24, 1975 to appellees Jack Robinson, Thomas Robinson, and William Robinson, and issued a tax deed to them on July 16, 1977. There is no claim that there was any error or defect in the tax sale proceedings on the part of the District of Columbia.

Since, in the District of Columbia, the statutory period for redemption of property sold for nonpayment of taxes is two years

(D.C.Code 1973, § 47–1003), an attempt to redeem this property after January 24, 1977 would usually be barred. However, decedent, instituting suit on August 29, 1977 to set aside the tax deed, invoked an exception to the two-year time limitation available to persons under "legal disability" (D.C.Code 1973, § 47–1003). The trial court, sitting without a jury, found that decedent did not prove that a § 1003 legal disability existed at any time before the redemption period expired, and dismissed the suit on its merits. This appeal is from that order.

On April 2, 1979, a suggestion of death of Myrtle Steele was filed with this court. James C. Nelson-Bey, who had been appointed conservator for Myrtle Steele on June 29, 1977, and who is the administrator of her estate, was substituted as party appellant by a July 19, 1979 order of this court.

■ With regard to the first issue, we do not find that the trial court held decedent to a standard of proof higher than "preponderance of the evidence." The record reflects that during the closing arguments the court asked counsel for appellees whether or not the standard of proof on the issue of disability should be the same as in other civil cases, and counsel responded affirmatively. Additionally, in its findings the court repeatedly spoke in terms of "preponderance of the evidence," and there is no evidence that any other standard was used. Appellant's arguments to the contrary, based on the fact that the trial court expressed great concern with protecting the rights of a tax sale purchaser, do not demonstrate that the court imposed a higher standard of proof than "preponderance of the evidence."

■ We also find to be without merit appellant's contention that the trial court incorrectly assumed that expert testimony was required to prove legal disability. In its findings the court examined what evidence there was of disability and found that "she was deficient in some respect insofar

as her affairs are concerned." Alluding to the appointment of a conservator, the court said: "But prior to that time, there is no proof as to when that condition arose . . . . ." It found that she withdrew money from her savings account to put in her checking account and that she paid most of her bills. Taking the court's remark in context that "[i]t would have been helpful if we had expert testimony", we must disagree with appellant that the court found against decedent because she failed to present expert testimony.

We turn now to the only remaining question: Whether or not the court's finding that the evidence failed to establish legal disability was clearly erroneous. This inquiry raises the issue of what the term "legal disability" in the context of D.C.Code 1973, § 47–1003, means. The term is not defined by statute nor has it been interpreted in previous cases in this jurisdiction. Appellant contends that the definition of "legal disability" should be in keeping with the standard for appointing a conservator under D.C.Code 1973 § 21–1501. That is, legal disability should be determined by whether a person is able to manage properly his own property and business affairs. On the other hand, appellees urge that the court adopt one of three higher standards: (1) whether a conservator has in fact been appointed; (2) whether, by analogy to the statute of limitations, a person is "an idiot, a lunatic, or insane"; or, (3) by analogy to the determination of incapacity in the area of contract law, whether there has been an adjudication of incompetency. It is unnecessary for us to determine the appropriate standard in this case since the trial court applied the most lenient standard, the one favored by appellant, and nevertheless found the evidence insufficient to establish "legal disability." We will review, therefore, the trial court's findings against this standard.[1]

■ When reviewing the decision of a trial court, which sat without a jury, we

---

1. The trial court did not have to determine the question of when the disability must have occurred in order to have tolled the redemption period, since it found that appellant was not legally disabled "at any time prior to the termination of the redemption period."

may not set aside its judgment "except for errors of law unless it appears that the judgment is plainly wrong or without evidence to support it." D.C.Code 1973, § 17–305(a); *Max Holtzman, Inc. v. K&T Co.,* D.C.App., 375 A.2d 510, 512 (1977); *Parking Management, Inc. v. Gilder,* D.C.App., 343 A.2d 51, 54 (1975). Consequently, we must determine whether the findings challenged by appellant have support in the record.

An examination of the record reveals that at trial decedent brought forward three witnesses to testify on the issue of legal disability. One witness was appellant, Mr. James C. Nelson-Bey, who was conservator for decedent, and who had been decedent's neighbor for the previous 15 years. He testified that decedent's condition, including her memory, dress, house, and yard, continually deteriorated after her husband's death in 1972 or 1973. This testimony was not definite as to time except for the fact that by late 1976 decedent's condition was very poor. In addition, Mr. Nelson-Bey stated at trial that he was "shocked" to discover the tax sale in March 1977, because he had assumed decedent was paying her bills, which is consistent with the court's determination that she had been paying her bills at that time.

Another witness, Ms. Elizabeth Eisenhart, an assistant manager of the bank where decedent maintained accounts, testified that she showed decedent how to withdraw funds from her savings account and subsequently opened a checking account for decedent. According to Ms. Eisenhart, decedent wrote checks regularly, frequently overdrawing on her account, and her savings account was closed when all the funds were withdrawn. No evidence was presented demonstrating the nature of these expenditures so that the court could not make a determination as to their reasonableness. The total amount of annual spending by decedent as disclosed by the records in evidence was not shown to be unreasonable.

The third witness for decedent, Mr. Robert A. Eldridge, a long-time friend of decedent's husband, testified that after finding unpaid bills scattered throughout decedent's house in 1977, he began to assist her in paying her bills. Mr. Eldridge also testified that he began to notice the deterioration in her appearance in the latter part of 1976.

The only other testimony presented at trial by either party was the decedent's own statements establishing her advanced age, her limited education, and her lack of knowledge of financial matters.

The record supports the trial court's ruling that the evidence directed to the period from early 1975 through mid-1976 is meagre, and does not clearly establish "legal disability." The evidence of incompetency as to the period from late 1976 onward is circumstantially relevant, but is far from compelling.

 We therefore cannot conclude that the trial court's holding that Myrtle Steele did not demonstrate by a preponderance of the evidence that she was legally disabled so as to toll the statutory period of redemption was clearly wrong or without evidence to support it. Accordingly, the judgment is

Affirmed.