**Margaret H. WILLIAMS, Appellant,**

v.

**Charles D. WILLIAMS, Appellee.**

**No. 83–405.**

District of Columbia Court of Appeals.

Argued March 14, 1985.

Decided July 24, 1985.

Alfred G. Graf, Washington, D.C., for appellant.

Allen J. Kruger, Laurel, Md., for appellee.

Before MACK and ROGERS, Associate Judges, and GALLAGHER, Associate Judge, Retired.

PER CURIAM:

Appellee-husband filed an unsworn complaint for divorce on the grounds of voluntary separation for more than one year, which appellant-wife moved to strike under Super.Ct.Dom.Rel.R. 7(a)(1). The complaint was struck with leave to amend. Appellant filed a counterclaim for divorce

on the ground of voluntary separation for more than one year, for child custody and support, for alimony, for attorney's fees and court costs, and for arrearages. Trial was had before the court on appellant's counterclaim, appellee not having filed any amendment to the struck complaint. After all the testimony was presented in appellant's case, she moved to withdraw her claim for divorce. Appellee opposed the motion and alternatively proposed to file a claim for divorce. Appellant's motion was granted, and appellee was given an opportunity to file an amended, written complaint with a prayer for divorce. Appellant then requested permission to restore the prayer for divorce, but the trial court abided by its prior ruling that appellee would be allowed to file an amended complaint. Appellant rested her case and appellee moved to dismiss certain claims in appellant's counterclaim with respect to child custody, support and alimony; the court took the motion under advisement. By order of February 25, 1983, the trial court granted appellee an absolute divorce.

■ Appellant contends the trial court erred in granting appellee a divorce on the grounds of "separation without cohabitation for more than one year," D.C.Code § 16–904 (1981). She notes that appellee did not file an amended complaint with a prayer for divorce and hence there was no pleading seeking a divorce before the court at the time of its February 25, 1983 order. See Beckwith v. Beckwith, 379 A.2d 955, 961 (D.C.1977) (Kelly J., concurring), cert. denied, 436 U.S. 907, 98 S.Ct. 2239, 56 L.Ed.2d 405 (1978); Hagans v. Hagans, 215 A.2d 842 (D.C.1966); Super.Ct.Dom.Rel.R. 15(a). Although we agree that technically the court erred, the failure by appellee to file an amended complaint appears to have been an inadvertent oversight; appellee not only opposed appellant's motion to withdraw her claim for divorce but alternatively sought to file his own. Since the parties impliedly consented to try the issue of divorce, see Moore v. Moore, 391 A.2d 762, 768–69 (D.C.1978), and, in fact, did try it, we remand the case to afford the parties an opportunity to file appropriate motions regarding the claim for divorce.

Appellant also contends the trial court's finding that appellee's checks totalled approximately $35,000 is not supported by the record since some of the checks are duplicates, and that appellee owes $10,000 to her under Paragraphs 6 and 7 of their separation agreement since the payments made to her and to the son amount to only $22,921.[1] Further, citing Trigo v. Riggs National Bank of Washington, 338 A.2d 445, 450 (D.C.1975) and Cooper v. Cooper, 35 A.2d 921, 924 (D.C.1944), appellant argues that since each due installment is a liquidated debt, it is subject to interest under D.C.Code § 15–108 (1981) at 6 per cent per annum under D.C.Code § 28–3302(a) (1984 Supp.).[2] This court will not reverse the trial court's findings of fact unless they are clearly erroneous or not supported by evidence in the record. Nelson-Bey v. Robinson, 408 A.2d 999, 1001–02 (D.C.1979); D.C.Code § 17–305 (1981).

■ Appellee testified about the various support payments which he had made pursuant to the separation agreement, denied any duplication, and explained what other payments he had made on behalf of the son.[3] Appellant did not dispute appellee's

---

1. Under Paragraph 6 of the parties' separation agreement, appellee is to pay appellant $300 each month until she dies or remarries. Under Paragraph 7, appellee is to pay $120 monthly to appellant for child support and is to pay the child's room and board and tuition in lieu of monthly support when the child is a full-time student in a degree-granting institution. The child was 19 years old at the time of the trial court's order and a full-time student at George Washington University; he lives at home with his mother.

2. Appellant contends that under Paragraph 6 of the parties' Separation Agreement, appellee owes $18,000 plus $12,020.50 in interest, and under Paragraph 7, he owes $12,360 plus $3,906.00 in interest.

3. For example, appellee testified about reimbursement of his son's medical bills and money for his son's clothing.

testimony that he had paid $26,790, although she had an opportunity to do so. Accordingly, the trial court's finding that appellee had fulfilled his child support obligations was not clearly erroneous. However, the court's specific finding that the checks appellee introduced into evidence totalled approximately $35,000 is unsupported by the record. Since the record appears to support a finding that appellee's support payments by check and in cash totalled that amount, upon remand the trial court shall make an appropriate modification of its finding.[4]

Finally, appellant contends the trial court erred in failing to award her attorney's fees and court costs although finding, in regard to her need for alimony, that she is likely to become a public charge unless appellee contributes to her support and that appellee is financially able to do so. She relies on Super.Ct.Dom.Rel.R. 54(d) (court costs to prevailing party, D.C.Code §§ 16–911(a)(1) and 16–916(a) (1981), and on *Robinson v. Howard University*, 455 A.2d 1363, 1366 (D.C.1983), for the proposition that she is not relieved of her liability for these costs absent a judgment requiring appellee to pay. Appellant contends she is the prevailing party as to child custody and support and alimony. She testified that her attorney's fee is $1500, of which she has paid $500.

■ The record does not reflect that appellant's counsel was appointed pursuant to D.C.Code § 16–918 (1981). She, nevertheless, may be entitled to recover attorney's fees or costs under D.C.Code §§ 16–911(a)(1) and 16–916(a). *Rachal v. Rachal*, 489 A.2d 476, 478 (D.C.1985). Since the

trial court made no findings on appellant's requests, we remand these issues to the trial court for appropriate consideration. *Id.; Ritz v. Ritz*, 197 A.2d 155, 156–57 (D.C.1964).

Accordingly, upon review of appellant's seven claims of error by the trial court,[5] we remand the case to afford the parties an opportunity to file appropriate motions regarding the claim for divorce and to afford the trial court an opportunity to correct its finding that appellee's checks totalled approximately $35,000, and to make appropriate disposition of appellant's request for attorney's fees and court costs.

---

4. Appellant, relying on the best evidence rule, also contends the trial court erred in allowing into evidence appellee's Exhibit 1, xerox copies of checks. *Tayloe v. Riggs*, 26 U.S. (1 Pet.) 591, 7 L.Ed. 275 (1828). Since the originals of the documents in appellee's Exhibit 1 were admitted into evidence, any error was harmless. Super. Ct.Civ.R. 61; D.C.Code § 17–305 (1981).

5. Appellant assigns as error the: (1) granting to appellee-husband a divorce from appellant; (2) admission into evidence of appellee's Exhibit 1 (consisting of 42 pages of copies of checks and

receipts for money orders); (3) finding appellee's checks made payable to appellant and the parties' son totalled approximately $35,000; (4) denial of arrearages, and interest thereon, for child support in accordance with the parties' separation agreement; (5) failure to require appellee to pay, in accordance with the parties' separation agreement, the costs for their son's room and board as a student; (6) failure to award the wife attorney's fees, and (7) failure to award court costs.