**C. Dana WILLIAMS, Appellant,**

v.

**Margaret WILLIAMS, Appellee.**

No. 87–305.

District of Columbia Court of Appeals.

Argued Nov. 21, 1988.
Decided Feb. 28, 1989.

Allen J. Kruger, Laurel, Md., for appellant.

Alfred G. Graf, Washington, D.C., for appellee.

Before ROGERS, Chief Judge, and STEADMAN and SCHWELB, Associate Judges.

PER CURIAM:

This is the third time this case reaches us on appeal and the third time we must remand the case to the trial judge for further findings.

The first appeal, No. 83–405, resulted in a remand of the case so that the parties could file appropriate motions for divorce, and the trial judge could correct her findings regarding the payments by C. Dana Williams, appellant, under the parties' separation agreement. *Williams v. Williams,* 495 A.2d 754 (D.C.1985). In the second appeal, the court affirmed the judgment awarding an absolute divorce, but remanded the case for the trial judge to make findings of fact and conclusions of law on the amount of money that Mr. Williams owed to Margaret H. Williams, appellee, under their agreement, on the amount he had paid as of the trial date, and on whether he still owed her any money under the agreement. *Williams v. Williams,* Memorandum Opinion, Judgment, and Order, No. 85–1424, September 26, 1986. On February 25, 1987, the trial judge found that Mr. Williams owed $30,020.50 for the division of marital property and $16,266.00 for child support, for a total of $46,286.50, which included interest. The judge further found that Mr. Williams had paid $27,780.00, and still owed Mrs. Williams $18,506.50. Mr.

Williams now appeals, arguing that the trial judge erred in failing to specify the basis on which she calculated the amount of interest due and that there was no evidentiary basis for the award. We agree that the trial judge failed to explain the basis for her calculations, and because our efforts, with the goal of avoiding further delay and costs to the parties, to determine how the judge reached her conclusions have been unsuccessful, *see* note 1, *infra,* we must remand the case for further findings.

By the Memorandum Opinion, Judgment, and Order of September 26, 1986, the trial judge was required "to make findings of fact and conclusions of law in regard to [Mrs. Williams'] claim for money owed under the separation agreement." The judge's findings, however, are of a conclusory nature. The findings track Mrs. Williams' claims, stating without further explanation, that under paragraph six of the parties' separation agreement Mr. Williams owes $18,000 plus $12,020.50 in interest, and under paragraph seven he owes $12,360 plus $3,906 interest. *See Williams v. Williams, supra,* 495 A.2d at 755 n. 2. Mr. Williams maintains that he owes only $2,580 in arrearages and that it is on that amount, if any, that interest should be calculated. Mrs. Williams responds that she was entitled to interest as each payment became due and was deficient, and has suggested in her brief the manner in which the trial judge may have calculated the amount of interest owed by Mr. Williams.[1]

This court will not set aside the trial court's judgment "unless it appears that the judgment is plainly wrong or without evidence to support it." D.C.Code § 17–305(a) (1981); *Williams v. Williams, supra,* 495 A.2d at 755. Such deference necessarily places an obligation on the trial

---

1. Mrs. Williams suggests in her brief that "what the court seems to have done ... is to apply the amount of each original money-order receipt and of each original cancelled check in evidence as of the date of issuance on it first toward payment of interest at the rate of 6% accrued as of then on any installment not paid in full when due as prescribed by the separation agreement and the balance, if any, thereafter toward payment of principal on any such arrearage and only thereafter toward payment of any other unpaid principal."

Since neither party has offered any numeric calculations to either this court or the trial court, we have attempted to apply this formula. Despite various assumptions, our application of this formula fails to result in the amounts found by the trial judge.

court to make adequate findings and set forth the basis of its reasoning in sufficient detail to enable this court to be in a position to review the trial court's ruling for errors of law and clear factual errors. *Thomas v. Thomas,* 477 A.2d 728 (D.C. 1984); *Murville v. Murville,* 433 A.2d 1106, 1109 (D.C.1981). Notwithstanding a possible explanation for the trial court's reasoning, this court will not engage in "mere conjecture or speculation" on vital points in a case. *See Edison v. Scott,* 388 A.2d 1239, 1241 (D.C.1978); *Nelson–Bey v. Robinson,* 408 A.2d 999, 1001–02 (D.C.1979).

At the original (and only) evidentiary hearing, counsel for Mrs. Williams requested the judge to require Mr. Williams to pay interest on the unpaid balances due to her under their separation agreement from the time that the payment was due and payable until it was in fact paid. She relied on D.C.Code §§ 15–108 and 28–3302. Counsel for Mr. Williams did not object specifically to the request for interest, but that request was made in response to his motion to dismiss Mrs. Williams' counterclaim, including the counts for payments under paragraphs six and seven of their agreement. In her brief on appeal Mrs. Williams has proposed to stipulate that all payments by Mr. Williams were actually made on the dates written on the checks. While this stipulation is clearly favorable to Mr. Williams, it does not concede that he made all the monthly payments he was required to make or that he paid them in full when they became due. For each payment that he did not make on time, interest would begin accruing on the deficiency as of the due date. Still, Mr. Williams maintains that he owes only $2,580 in arrearages with interest calculated solely on that amount.

Although we agree with Mrs. Williams that she is entitled to the payment of prejudgment interest under D.C.Code §§ 15–108 and 28–3302 (1981) [2] and that the trial judge properly could apply any payments by Mr. Williams first to pay any interest due,[3] the record does not indicate the date from which the trial judge began her calculations of interest accrual. Nor is it clear that the trial judge viewed all payments by Mr. Williams as being made by the date on the checks.[4] Here, where the amount of interest was not clear from the record but necessitated mathematical computations by the trial judge, the basis and method of which are disputable, the trial judge was required to explain the method by which she arrived at her final figures. As Mrs. Williams concedes, the trial judge did not make known her reasoning as was necessary under the Memorandum Opinion, Judgment, and Order remanding the case for a second time. " 'Where the trial court provides only conclusory findings, unsupported by subsidiary findings or by an explication of the court's reasoning with respect to the relevant facts, a reviewing court simply is unable to determine whether or not those facts are clearly erroneous.' " *Pimble v. Pimble,* 521 A.2d 1173, 1175 (D.C.1987) (quoting *United States Fidelity and Guarantee Co. v. Kaftarian,* 520 A.2d 297, 299 (D.C.1987) (citation omitted)). *See also* Super.Ct.Dom.Rel.R. 52(a). The lack of specific findings of fact renders the record "wholly inadequate for purposes of appellate review." *Owen v. Owen,* 427 A.2d 933, 939 (D.C.1981). *Cf., Kieffer v. Kieffer,* 348 A.2d 887, 891 (D.C.1975) (no remand where facts no longer in dispute).

2. *District of Columbia v. Pierce Assocs.,* 527 A.2d 306 (D.C.1987) (prejudgment interest on construction contract); *Nat'l Souvenir Center, Inc. v. Historic Figures, Inc.,* 234 U.S. App.D.C. 222, 235, 728 F.2d 503, 516 (1984) (prejudgment interest on overdue franchise and lease fees); *Blustein v. Eugene Sobel Co., Inc.,* 105 U.S.App.D.C. 32, 36, 263 F.2d 478, 482 (1959) (when debt is liquidated).

3. *District of Columbia v. Potomac Electric Power Co.,* 402 A.2d 430, 441 (D.C.1979); *Giant Food, Inc. v. Jack I. Bender & Sons,* 399 A.2d 1293, 1297–99 (D.C.1979); *Toomey v. Cammack,* 379

A.2d 700, 702 (D.C.1977); *Pete v. UMWA Welfare and Retirement Fund of 1950,* 171 U.S.App.D.C. 1, 14, 517 F.2d 1275, 1288 (1975); *Kiser v. Huge,* 170 U.S.App.D.C. 407, 421, 517 F.2d 1237, 1251 (1974); *Rosden v. Leuthold,* 107 U.S.App.D.C. 89, 92, 274 F.2d 747, 750 (1960).

4. Indeed, in the absence of an accounting expert, we have applied several mathematical theories by which the trial judge could have calculated interest. None result in the figures which she states in her order.

Accordingly, we remand the case to the trial judge for findings of fact and conclusions of law which describe the calculations, and the basis therefor, of the amount of interest owed by Mr. Williams as a result of underpayments due under the parties' separation agreement. In the interest of avoiding a future remand, much less another appeal, the trial judge should make specific findings and afford the parties a full opportunity to comment thereon before entering a final order. The findings should at least specify the evidence relied on, the dates used in calculating when payments were due, when they were paid, how each payment was credited (whether to prejudgment interest or principal), and the mathematical calculations used in determining these amounts.

*Remanded with instructions.*