Hui Ci LI, Appellant,

v.

**Chun Bong LEE, Appellee.**

**No. 99–FM–1463.**

District of Columbia Court of Appeals.

Submitted Feb. 11, 2003.
Decided March 6, 2003.

Keisha A. Gary, was on brief, for the appellant.

No brief was filed on behalf of appellee.

Before RUIZ and WASHINGTON, Associate Judges, and FERREN Senior Judge.

WASHINGTON, Associate Judge:

In 1992, Mr. Chun Bong Lee was granted an absolute divorce from Ms. Hui Ci Li. The divorce decree required Mr. Lee to pay $250 a month in alimony to begin in November 1992. In August 1998, Ms. Li filed a motion in the trial court seeking to

have Mr. Lee held in contempt of court for failing to pay alimony. According to the parties' stipulation, Mr. Lee was over $12,000 in arrears. The trial judge denied Ms. Li's motion and ordered Mr. Lee to pay the debt at a rate of $50 a month until it was completely paid. On appeal, Ms. Li contends that the trial court erred in 1) refusing to hold Mr. Lee in contempt of court for failing to pay the alimony and 2) creating a payment schedule that allowed Mr. Lee to pay only $50 a month. Because we agree with Ms. Li on the latter issue, we vacate, in part, the ruling of the trial judge and remand the case for an appropriate adjustment to the payment of the arrears.

## I.

Ms. Li first argues that the trial court erred in refusing to hold Mr. Lee in contempt of court for failing to pay the alimony.[1] After filing a motion for contempt, the movant must first prove noncompliance with the order. *Hackes v. Hackes,* 446 A.2d 396, 400 (D.C.1982) (citing *Bolden v. Bolden,* 376 A.2d 430, 433 (D.C.1977)). "To imprison for contempt, the movant must also prove the alleged contemnor's ability to pay. The alleged contemnor can avoid sanctions for noncompliance by a showing of inability to perform or substantial performance." *Id.* We note, however, that courts are not required to impose contempt for every violation and we will review the decision for abuse of discretion. *Id.* at 400 & n. 6. In this case, Mr. Lee stated that he did not pay alimony for a number of years. It is also clear from the record that Mr. Lee had the ability to pay. When asked why he did not pay, Mr. Lee indicated that he was unable to locate Ms. Li during that time period.

Ms. Li did not refute this statement. At the time of the hearing, however, Mr. Lee was again paying alimony and had paid a large sum of the arrears. Based on these facts, we cannot conclude that the trial court abused its discretion in not holding Mr. Lee in contempt for failing to pay alimony.

## II.

Ms. Li next contends that the trial court erred in permitting Mr. Lee to pay $50 a month towards the arrears. Ms. Li suggests that this payment schedule effectively modified the amount that Mr. Lee was obligated to pay since it did not enforce the full payment of the debt immediately. "This court will not set aside the trial court's judgment '[except for errors of law] unless it appears that the judgment is plainly wrong or without evidence to support it.'" *Williams v. Williams,* 554 A.2d 791, 792 (D.C.1989) (quoting D.C.Code § 17–305(a) (1981)). "Such deference necessarily places an obligation on the trial court to make adequate findings and set forth the basis of its reasoning in sufficient detail to enable this court to be in a position to review the trial court's ruling for errors of law and clear factual errors." *Id.* at 792–93. "Notwithstanding a possible explanation for the trial court's reasoning, this court will not engage in 'mere conjecture or speculation' on vital points in a case." *Id.* at 793.

It is well-established that the trial court "cannot modify or remit installments of alimony after they have become due by the terms of the original judgment which ordered their payment." *Kephart v. Kephart,* 89 U.S.App. D.C. 373, 380, 193 F.2d 677, 684 (1951) (en banc); *see also*

---

1. Ms. Li failed to articulate in her pleadings whether she sought criminal or civil contempt.

*Smith v. Smith,* 427 A.2d 928, 931 (D.C. 1981). "Each installment which matures under a decree which has not been modified becomes a judgment debt similar to any other judgment for money." *Kephart,* 89 U.S.App. D.C. at 381, 193 F.2d at 684. Similar to other judgments for money, parties are not only entitled to the full amount of the original judgment, but also the full value of the original judgment, thus a court may be required to impose interest. "Interest is not imposed on a debtor's obligation in order to exact a penalty, but to compensate the creditor for the loss of the use of his money." *Riggs Nat'l Bank of Washington, D.C. v. District of Columbia,* 581 A.2d 1229, 1253 (D.C.1990) (quoting *District of Columbia v. Potomac Elec. Power Co.,* 402 A.2d 430, 441 (D.C.1979)). "Where the debtor should have paid what he owed but did not do so, a denial of pre-judgment interest would deny full compensation to the creditor while allowing the recalcitrant party to take advantage of his own wrong and become the richer for it." *Id.* at 1253; *see also Williams,* 554 A.2d at 793 (noting that a former spouse was entitled to pre-judgment interest on the unpaid balance due under a separation agreement). The D.C.Code has also adopted this view. *See generally* D.C.Code §§ 15–108, –109 (2001) (describing the pre-judgment interest rules). While a payment schedule such as the one the trial judge ordered may be appropriate,[2] a payment schedule that modifies the amount of alimony or one that would lessen the value of the arrears by not compensating for the lost value of the money that would occur due to payment over a long period of time would violate *Kephart.*

 In this case, the trial judge permitted the appellee to extend the payment of this debt over a long period of time. Because the trial court did not require that the appellee pay either pre- or post-judgment interest, it effectively denied the appellant the full value of the money owed to her and violated *Kephart.* Thus, the order of the trial court is vacated to the extent that it is inconsistent with this opinion and the case is remanded for further proceedings consistent with this opinion.

*So ordered.*

---

2. The trial court made no findings, nor provided any basis for her conclusion that Mr. Lee should pay only $50 a month until the amount in arrears is paid in full. Thus, since we can only speculate as to the trial judge's reasons, we cannot conclude whether this payment schedule is appropriate. *See Williams v. Williams,* 554 A.2d 791, 793 (D.C. 1989). We note, however, that when creating a payment schedule such as the one in this case, there should be some basis for spreading out the payments over a twenty-year period. Thus, on remand, the trial court must make findings so this court can properly review the judgment. *See* Super. Ct. Dom. Rel. 52(a).